UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREG A. CULVER,

       Plaintiff,

v.

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,

       Defendant.
_____/

Case No. 1:13-cv-739

HON. JANET T. NEFF

## OPINION

Pending before the Court is Defendant Comcast's Motion for Summary Judgment (Dkt 45) in this age discrimination case stemming from the termination of Plaintiff's employment on the ground that he violated Defendant's conduct policy prohibiting sexual harassment in the workplace. Plaintiff has filed a Response opposing the motion (Dkt 50), and Defendant has filed a Reply (Dkt 49). For the reasons that follow, the Court grants Defendant's motion.

### I. Facts

The parties have stipulated to the facts as follows for purposes of the motion for summary judgment (Dkt 45):

1. Plaintiff worked for Comcast (and its predecessors) from March 22, 1982 to November 9, 2012. (Ex. 1, Culver Dep., pp. 10-11.) He was last employed as a Technical Operations Manager, overseeing the Richland and Muskegon facilities. (Ex. 1, Culver Dep., pp. 84-87; Ex. 2, Anderson Dep., p. 46.) He generally spent three days a week working out of the Richland facility and two working out of Muskegon. (Ex. 1, Culver Dep., pp. 84-90.)

2. Plaintiff was the top manager present on a day-to-day basis in the Richland facility (no other manager was located in Richland) where he oversaw three supervisors and about 30 Technicians. (Ex. 1, Culver Dep., pp. 84-90; Ex. 2, Anderson Dep., pp. 61, 68, 137.)

3. Comcast maintained policies prohibiting discrimination and harassment in the workplace, which included making sexually suggestive jokes or derogatory sexual comments. (Ex. 1, Culver Dep., pp. 95-96; Ex. 3, Handbook; Ex. 4, Code of Conduct.) Under Comcast's policies, management level employees had additional responsibilities, including, setting the right example and creating an open and safe working environment. (Ex. 1, Culver Dep., pp. 98-99; Ex. 4, Code of Conduct, p. 7.) Plaintiff was trained in accordance with Comcast's anti-harassment/anti-discrimination policies. (Ex. 1, Culver Dep., pp. 96-98; Ex. 5, Plaintiff's Anti-Harassment Training.)

4. Comcast terminated Plaintiff's employment on November 9, 2012. (Ex. 1, Culver Dep., p. 78.) Comcast initially promoted Brian Armstrong to Plaintiff's vacated position. (Ex. 1, Culver Dep., pp. 173; Ex. 2, Anderson Dep., pp. 134-135.) Soon thereafter, Comcast reorganized and Francis McNamara took over responsibility for the Richland office. (Ex. 2, Anderson Dep., pp. 134-135; Ex. 7, McNamara, pp. 15-17.)

5. At the time of his discharge, Plaintiff was 50 years old (date of birth: 12/9/1961), Armstrong was 34 (2/19/1978), and McNamara was 43 (7/20/1969). (Ex. 1, Culver Dep., p. 9; Ex. 6, Armstrong I-9; Ex. 7, McNamara Dep., p. 5.)

## II. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The

court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013); *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citation omitted).

The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir. 2010). The burden then "shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "There is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Burgess,* 735 F.3d at 471 (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The ultimate inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sierra Brokerage Servs.*, 712 F.3d at 327 (quoting *Anderson,* 477 U.S. at 251-52).

### III. Discussion

Plaintiff alleges age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Michigan's Elliot-Larsen Civil Rights Act (ELCRA), MICH. COMP. LAWS § 37.2101 *et seq*. The analytic framework and evidentiary burdens for Plaintiff's claims are the same under either statute for purposes of this motion. *See Geiger v. Tower Automotive*, 579 F.3d 614, 621-22, 626 (6th Cir. 2009); *Hughes v. Gen. Motors Corp.*, 212 F. App'x 497, 501 (6th Cir. 2007); *Sniecinski v. Blue Cross & Blue Shield of Mich.*, 666 N.W.2d 186, 193 (Mich. 2003).

A. *McDonnell Douglas* Framework

Plaintiff alleges a disparate treatment theory of discrimination based on circumstantial evidence, i.e., that he was disparately disciplined with termination for alleged sexual comments/innuendo/harassment, since another female employee engaged in similar conduct and was not discharged; he was replaced by a younger employee; and Defendant has recently fired and replaced older, longer tenured employees with substantially younger employees (Compl., Dkt 3 ¶¶ 1-14). Plaintiff's claim is thus subject to the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under *McDonnell Douglas*, a plaintiff must first establish the four elements of a *prima facie* case to raise an inference of age discrimination, by showing that: (1) he was a member of a protected class, i.e., over 40; (2) he was subjected to an adverse employment action, e.g., discharged; (3) he was qualified for the position held; and (4) he was replaced by someone outside of the protected class, i.e., that he was replaced by, or treated less favorably than, someone substantially younger.[1] *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010); *Geiger*, 579 F.3d at 622.

"Once a plaintiff satisfies [the] *prima facie* burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action." *Schoonmaker*, 595 F.3d at 264 (citing *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008)). If the employer meets this burden, then the burden of production shifts back to the plaintiff

---

[1] The Supreme Court has noted that "the precise requirements of the prima facie case can vary with the context and were 'never intended to be rigid, mechanized, or ritualistic.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 506-07 (2002) (citation omitted). The stated elements are modified to accord with the circumstances of Plaintiff's claims.

to show that the employer's explanation was a mere pretext for intentional age discrimination. *Id.* The burden of persuasion, however, remains on the plaintiff at all times to demonstrate "'that age was the 'but-for' cause of [the] employer's adverse action.'" *Geiger*, 579 F.3d at 620 (quoting *Gross v. FBL Fin. Services, Inc.*, ___ U.S. ___; 129 S. Ct. 2343, 2351 n.4 (2009)).

Finally, "[a] plaintiff can refute the legitimate, nondiscriminatory reason that an employer offers to justify an adverse employment action 'by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)). "'The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.'" *Geiger*, 579 F.3d at 620 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000)).

### B.  Analysis

Defendant moves for dismissal on the ground that Plaintiff has not shown any "similarly situated" employee who was treated differently; therefore, his age discrimination claim fails. Defendant argues that the female employee on whom Plaintiff primarily bases his case, Kate Staib, is not similarly situated because she is an employee two levels of supervision below Plaintiff (Def's. Mot., Dkt 45 at 2). And although Staib may have engaged in sexual banter with Plaintiff, "she was not, like him, a manager charged with setting the tone of the workplace and implementing Comcast's policies" (*id.*); thus, under settled Sixth Circuit precedent, she is not "similarly situated." *See Pierce*

*v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir. 1994)[2] ("The standard for determining an employer's liability in co-worker discrimination cases is markedly different from the standard applied in supervisor harassment cases.").

### 1. *Prima Facie* Case

For purposes of this motion, Defendant has assumed that Plaintiff can establish a *prima facie* case (Def's. Mot. Br., Dkt 48 at 8 n.2). Accordingly, the Court will likewise assume a *prima facie* case for purposes of analysis.[3]

### 2. Pretext

Defendant asserts that Plaintiff was discharged because he created and fostered a sexually hostile work environment (Def's. Mot, Dkt 45 at 2). It is undisputed that Plaintiff's employment was suspended after an employee complained of Plaintiff's inappropriate sexual behavior, and that Plaintiff was subsequently discharged following an investigation by Defendant's senior managers, who determined that Plaintiff had engaged in inappropriate sexual comments and behavior in violation of Defendant's Conduct Policy, including the Harassment Policy.

The complaint against Plaintiff was received in conjunction with a separate investigation of racial slurs by several employees, headed up by Human Resources Manager, Mandy McIntyre. Because Plaintiff was a top manager, McIntyre referred the investigation of the complaint about

---

[2] *Abrogated on other grounds by Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 148 (2000), as recognized in *Carter v. Toyota Tsusho Am., Inc.*, 529 F. App'x 601, 608-10 (6th Cir. 2013).

[3] Although the parties apparently advance their arguments under the pretext stage of the *McDonnell Douglas* framework, their application of the legal principles to the circumstances presented is less straightforward. Regardless, the result is the same since the essential dispute is whether Plaintiff's discharge was based on the impermissible consideration of age or on permissible grounds of conduct policy violations.

Plaintiff to her superiors: Scott Anderson, Senior Director of Human Resources and Sandra Stankov, Senior Manager of Human Resources. Following the investigation by Anderson and Stankov, a Request For Termination of Plaintiff's employment was issued for serious policy violations, stating:

> A complaint was received regarding inappropriate sexual joking and innuendo exhibited by Greg Culver. Seven employees were interviewed in relation to the complaint as part of the investigation. Over the course of the investigation it was substantiated that Greg violated the companies [sic] anti-harassment policies by initiating and allowing inappropriate sexual jokes to occur not only in team meetings but throughout the Richland office as a matter of standard operation. Examples include, but are not limited to:
>
> – Making sexually suggestive jokes, derogartoy [sic] or sexually degrating [sic] comments, or comments about indivual [sic] body or appearance
>
> – Making epithets, slurs, ridiculing comments or statements that reflect negative stereotypes.
>
> – Mocking or telling jokes based on protected characteristics
>
> – Being rude, discourteous, or acting unprofessionaly [sic] in any way towards customers, potential customers, co-workers, contractors, vendors, etc.

(Request For Termination, Jt. Ex 8). The Request For Termination noted that Plaintiff denied the allegations, but he did not offer any other sources to refute the allegations.

Plaintiff does not dispute that he engaged in sexual innuendo and behavior in the workplace, but he nonetheless argues that he has produced evidence of pretext by showing that Defendant's asserted reason for terminating his employment, "for violating [Defendant's] anti-harassment policy by creating a sexually abusive work environment," was false (Pl's. Resp., Dkt 50 at 15). Plaintiff asserts:

> What happened is an investigation ran amok, with the defendant mischaracterizing what was a friendly, enjoyable working environment as a sexually abusive one. At best for the defendant, Mr. Culver engaged, as did consenting

> others, in mild, inoffensive, sexual innuendo not involving sexual advances or abuse, not much more than one might hear on late night television.

(*Id.* at 15-16).

Plaintiff contends that no one who worked under Plaintiff complained about him; and no one, much less any woman, interviewed in Defendant's investigation indicated that he or she was offended by Plaintiff's comments or conduct (Pl's. Resp., Dkt 50 at 16). Plaintiff argues that Defendant could not have concluded that he violated Comcast's conduct or anti-harassment policies because the policies do not prohibit inoffensive jokes or innuendo (*id.*). Plaintiff asserts that Defendant relied, in part, on false information as an alleged basis for discharging Plaintiff (*id.* at 22). Moreover, all of the alleged evidence Defendant gathered, whether false or not, was insufficient to justify termination, as it did not constitute harassment and no one was offended by it (*id.*). Plaintiff asserts that "[t]erminating someone for alleged mild, inoffensive sexual innuendo is not sufficient grounds for terminating an employee, and it is a pretext in this case for age discrimination" (*id.* at 22-23).

Plaintiff's arguments are unavailing. Plaintiff falls far short of showing on the record presented that Defendant's reason for his employment termination was pretext.

First, as Defendant contends, Plaintiff has failed to establish that he was treated less favorably than "similarly situated" non-protected employees under *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-83 (6th Cir. 1992). *See Cameron v. Ohio*, 344 F. App'x 115, 118-19 (6th Cir. 2009). As Defendant points out, this comparison fails as to Staib because she was a non-supervisor, and therefore is not "similarly situated" as a matter of law. *See Pierce*, 40 F.3d at 803.

Plaintiff was the top manager present on a day-to-day basis in Comcast's Richland facility (no other manager was located in Richland) where he oversaw three supervisors and about 30

Technicians (Stip'd. Facts ¶ 2). "In supervisor sexual harassment cases, an individual who is acting as an employer's 'agent' is deemed the alter ego of the employer and the employer is liable for his unlawful employment practices without regard to whether the employer actually knew (or should have known) of the individual's conduct." *Pierce*, 40 F.3d at 803. "The standard for determining an employer's liability in co-worker discrimination cases is markedly different from the standard applied in supervisor harassment cases," in that an employer is generally held liable only if it knew or should have known about it and failed to take remedial action. *Id.* at 803-04. Accordingly, any claim by Plaintiff that Defendant's failure to discharge Staib for similar sexual comments or conduct shows pretext, fails. The two employees were not similarly situated and such evidence does not show that Defendant's proffered reason for terminating Plaintiff "'(1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Wexler*, 317 F.3d at 576 (citation omitted).

As Defendant contends and the record establishes, as a manager, Plaintiff was responsible for maintaining a safe and healthy workplace; setting the right example for ethical behavior; and creating an open reporting environment, free from harassment (Stip'd. Facts ¶ 3; Def's. SMF,[4] Dkt 47 ¶ 7; Jt. Ex. 4, Def's. Code of Conduct). Defendant's policies prohibited discrimination and harassment in the workplace, which includes making sexually suggestive jokes or derogatory sexual comments (Stip'd. Facts ¶ 3; Jt. Ex. 3, Employee Handbook). Plaintiff was trained in Comcast's anti-discrimination policies, and as a manager, was responsible for ensuring that Comcast's policies prohibiting sexual harassment were enforced (Def's. SMF ¶¶ 5-11 and record citations therein).

---

[4]Defendant provides a Statement of Material Facts (SMF) with citations to the record evidence (Dkt 47).

Despite Plaintiff's protestations to his discharge for sexual innuendo and comments in the workplace, and his attempt to minimize the offensive nature of his conduct, the record amply supports Defendant's grounds for termination of his employment for serious policy violations. The Human Resources investigation documented that Plaintiff engaged in sexual language and actions in the workplace, which Defendant determined was inappropriate and in violation of its Conduct Policy and Harassment Policy. Numerous employee-witnesses reported to Anderson and Stankov that Plaintiff fostered a sexual work environment and frequently engaged in sexual behavior (Def's. SMF ¶ 19 and record citations therein). For example, two supervisors and two Technician Operators reported to Anderson and Stankov that Plaintiff constantly made fun of homosexuals, including calling Saugatuck, a city allegedly known for its large homosexual population, "Sausage-tuck" (*id.* ¶ 20). All three supervisors and two Technician Operators reported to Anderson and Stankov that Plaintiff and an openly lesbian employee constantly made sexual jokes, such as "she doesn't like the bat" (*id.* ¶ 21). Two Technician Operators reported to Anderson and Stankov that Plaintiff asked employees "would you like to have my hamster duct taped to your butt?" (*id.* ¶ 22). All three supervisors and two Technician Operators reported to Anderson and Stankov that Plaintiff walked around with a handful of nuts asking employees, "Who wants my salty nuts in your mouth?" (*id.* ¶ 23). One newly hired Technician Operator told Anderson and Stankov that Plaintiff asked him if he liked "golden showers," i.e., being urinated on (*id.* ¶ 26).

Based upon the results of the investigation and an interview with Plaintiff concerning the evidence, the Senior Director of Human Resources, Scott Anderson, and Larry Williamson, Vice President of Technician Operators and Plaintiff's direct supervisor, presented the evidence (and Plaintiff's denials) to Comcast's senior management and human resource professionals, including

Ardella Darst, Human Resource Vice President; Nick Wainwright, Senior Vice President of Engineering; Steven Gillenwater, Human Resource Senior Vice President; and Douglas Pelletiere, Human Resource Vice President (Def's. SMF ¶ 27; ¶ 35, citing Jt. Ex. 2, Anderson Dep. at 70-75). The group made a collaborative decision to terminate Plaintiff's employment based on the evidence (Def's. SMF ¶¶ 36-38 and record citations therein).

Based on these circumstances and the record evidence, Plaintiff has failed to show that Comcast's reason for terminating his employment was pretextual. Plaintiff's citation to instances of other, younger employees (such as Armstrong, Plaintiff's replacement), who purportedly received discipline other than termination for improper or prohibited conduct, does not change this result because Plaintiff has failed to show that such employees were "similarly situated" or that their conduct was of "comparable seriousness." *See Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 751 (6th Cir. 2012) (a plaintiff must show that he and his proposed comparators were similar in all relevant respects and that he and his proposed comparators engaged in acts of comparable seriousness); *see also Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 917 (6th Cir. 2013).

### 3. Honest Belief Rule

Plaintiff's denials do not further his arguments concerning pretext. "Courts have repeatedly held that the plaintiff's denial of the defendant's articulated legitimate reason without producing substantiation for the denial is insufficient for a [] discrimination claim to withstand a motion for summary judgment." *Mitchell*, 964 F.2d at 585. As Defendant points out, its disciplinary decision is entitled to deference under the "honest belief" rule (Def's. Mot. Br., Dkt 48 at 12). An employer's decision is entitled to deference if the employer made "a reasonably informed and considered

decision before taking an adverse employment action." *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012); *see also Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001) ("An employer has an honest belief in its reason for discharging an employee where the employer reasonably relied 'on the particularized facts that were before it at the time the decision was made.'" (citation omitted)). The record fully supports Defendant's honest belief in the nondiscriminatory reason for terminating Plaintiff's employment. *See Lloyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 591 (6th Cir. 2014) (witness statements corroborated the substance of the discharge notice and were sufficient to establish employer's honest belief in nondiscriminatory reason for termination).

To demonstrate pretext, a "plaintiff must produce sufficient evidence from which the jury could 'reasonably reject [the defendant's] explanation' and infer that the defendant[] 'intentionally discriminated' against him." *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001). A plaintiff must show "more than a dispute over the facts upon which the discharge was based." *Id.* at 493-94. Plaintiff's denials do not create an issue of fact.

### IV. Conclusion

"In a disparate treatment case, it is the plaintiff's burden to prove that an employer intentionally 'treats some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Stotts v. Memphis Fire Dept.*, 858 F.2d 289, 294 (6th Cir. 1988) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). Plaintiff has failed to meet this burden.

The Court finds no genuine issues of material fact concerning Plaintiff's claims of age discrimination. Plaintiff has presented no persuasive evidence that Defendant's proffered reason

for terminating his employment was pretextual or that his termination was instead based on age animus. Defendant's motion for summary judgment is therefore granted.

An Order will be entered consistent with this Opinion.


Dated: May  19 , 2015                                       /s/ Janet T. Neff
                                                            JANET T. NEFF
                                                            United States District Judge